# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

**FILED**

MAR 1 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

W. Samuel Hamrick, Jr.
Clerk of Court

**RECEIVED**
CLERK U.S. DISTRICT COURT

MAR 06 2008

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 06 2008

at____o'clock and____min____M.
SUE BEITIA, CLERK

CR 02-201 DAE

March 3, 2008

Clerk, U.S. District Court
District of Hawaii
C338 Prince Kuhio Federal Building
300 Ala Moana Boulevard
Honolulu, HI 96850-0001

**Transfer of Jurisdiction**

Our Case #:     08cr7011-IEG
Re:             Raymond Ridela

Dear Clerk of the Court:

Please find  enclosed a copy of the Transfer of Jurisdiction accepting jurisdiction to this Court on your case number CR 02-00201-DAE-01 for the above mentioned defendant, received by the Southern District of California on February 29, 2008.  Please forward  the following documents to the  Southern District of California in support of the aforementioned Transfer of Jurisdiction:

Certified copy of Transfer of Jurisdiction
Certified copy of indictment, information or complaint
Certified copy of Judgment
Certified copy of docket sheet
Certified copy of any OSC's

Please forward the requested documents together with a copy of this letter.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: _____
J. Haslam, Deputy Clerk

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By_____
                    Deputy

345

SCANNED

PROB 22
(Rev. 2/88)

## TRANSFER OF JURISDICTION

| | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | CR 02-00201DAE-01 |
| | | DOCKET NUMBER *(Rec. Court)* |
| | | 08 cR 7011 |

| NAME AND ADDRESS OF SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | D/Hawaii | |

Raymond Ridela
1643 Oakview Terrace
Bonita, CA 91902

**FILED**

**FEB 2 9 2008**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

| NAME OF SENTENCING JUDGE |
|---|
| Lloyd D. George |

| DATES OF SUPERVISED RELEASE | FROM 05/26/2006 | TO 05/25/2009 |
|---|---|---|

OFFENSE

Count 1 and 2 - Interference of Commerce By Threats or Violence, 18 U.S.C. § 1951, Class C felonies

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 06 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT</u> OF <u>HAWAII</u>

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the Supervised Releasee named above be transferred with the records of the Court to the United States District Court for the SOUTHERN DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of Supervised Release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| Date | Lloyd D. George U.S. District Judge |
|---|---|

*This sentence may be deleted at the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE SOUTHER DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named Supervised Releasee be accepted and assumed by this Court from and after the entry of this order.

| 8/27/07 Effective Date | Chief United States District Judge |
|---|---|

jmr/jmr

SCANNED

| PROB 22<br>(Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>CR 02-00201DAE-01 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME OF PROBATIONER/SUPERVISED RELEASEE:<br><br>RAYMOND RIDELA | DISTRICT<br><br>District of Hawaii | DIVISION<br><br>Honolulu |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Lloyd D. George | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>5/26/2006 — TO<br>5/25/2009 |

**OFFENSE**

COUNTS 1 and 2: INTERFERENCE OF COMMERCE BY THREATS OR VIOLENCE, in violation of 18 U.S.C. § 1951, A Class C felony.

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the <u>Southern District of California (Chula Vista)</u> upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

**NOV 2 7 2007**
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District of California (Chula Vista)

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____
Effective Date

_____
United States District Judge

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

RONALD G. JOHNSON
Assistant U.S. Attorney

OMER G. POIRIER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii    96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 6 2002

at ___ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII    0 2 - 0 0 2 0 1    DAE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>RAYMOND RIDELA, )<br>CARMICHAEL DOAN )<br>ARMOND JACKSON, )<br>Defendant. ) | CR. NO. _____<br><br>INDICTMENT<br><br>[18 U.S.C. §§ 1951] |

INDICTMENT

Count 1

The Grand Jury charges:

From on or about March 27, 2002, to on or about April

14, 2002 in the District of Hawaii, the defendants, RAYMOND

RIDELA, CARMICHAEL DOAN AND ARMOND JACKSON, conspired to

unlawfully obstruct, delay and affect commerce as that term is

defined in Title 18, United States Code, Section 1951 (b)(3), and

the movement of articles and commodities in such commerce by

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____
                    Deputy

robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1).

   2.    In furtherance of the conspiracy and in order to effect the objectives thereof, the conspirators performed the following overt acts, among others, in the District of Hawaii and elsewhere:

   a.    On or about March 24, 2002, CARMICHAEL DOAN, called Pizza Hut and ordered two pizzas for delivery to 1535 Pensacola Street, Apartment 1104.

   b.    After the Pizza Delivery Driver unsuccessfully tried to deliver the pizzas to apartment 1104, Defendants CARMICHAEL DOAN and RAYMOND RIDELA met the driver outside and told him they had ordered the pizzas.  After taking the pizzas. Defedant RIDELA demanded that the driver give him all of his money.

   c. On or about March 27, 2002, CARMICHAEL DOAN called Papa Johns and ordered two pizzas for delivery to 1535 Pensacola Street, Apartment 1104.

   d.    After the Papa John's driver arrived at 1535 Pensacola Avenue, he was met by; Defendants CARMICHAEL DOAN and RAYMOND RIDELA who asked him if he had change for a $50.  After some discussion about where it might be possible to get change, Defendant RIDELA pulled out a knife and demanded that the driver give him his wallet.

e.   On or about April 10, 2002, one of the co-conspirators called Domino's Pizza and ordered two pizzas delivered to 1535 Pensacola.

f.   After the driver arrived at Pensacola Street, Defendant RIDELA got into the driver's car holding a knife and demanded the driver's money, wallet, and cellular phone.

g.   On or about April 14, 2002, Defendant ARMOND JACKSON, called Magoo's Pizza and ordered three pizzas to 1655 Liholiho Street, Apartment 304, Honolulu, Hawaii.

h.   After the driver unsuccessfully attempted to deliver the pizzas to Apartment 304, Defendant RAYMOND RIDELA, who was holding a knife, dragged the driver to the sidewalk outside the apartment and demanded his money.

All in violation of Title 18, United States Code, Section 1951.

## Count 2

The Grand Jury further charges:

On or about March 24, 2002, in the District of Hawaii the defendants, RAYMOND RIDELA and CARMICHAEL DOAN, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that

3

the defendants  RAYMOND RIDELA and CARMICHAEL DOAN did unlawfully take and obtain personal property consisting of cash and pizza from the person and presence of a Pizza Hut Delivery Driver, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

All in violation of Title 18, United States Code, Section 1951.

<u>Count 3</u>

The Grand Jury further charges:

On or about March 27, 2002, in the District of Hawaii the defendants, RAYMOND RIDELA and CARMICHAEL DOAN, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants RAYMOND RIDELA and CARMICHAEL DOAN did unlawfully take and obtain personal property consisting of cash and pizza from the person and presence of a Papa John's Delivery Driver, against his will by means of actual and threatened force,

\\

\\

4

violence, and fear of injury, immediate and future, to his person.

All in violation of Title 18, United States Code, Section 1951.

## Count 4

The Grand Jury further charges:

On or about April 10, 2002, in the District of Hawaii the defendants, RAYMOND RIDELA, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant RAYMOND RIDELA did unlawfully take and obtain personal property consisting of cash and pizza from the person and presence of Domino's Pizza delivery driver, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

All in violation of Title 18, United States Code, Section 1951.

## Count 5

The Grand Jury further charges:

On or about April 14, 2002, in the District of Hawaii the defendants, RAYMOND RIDELA and ARMOND JACKSON, did unlawfully

5

obstruct, delay and affect, and attempt to obstruct, delay and

affect, commerce as that term is defined in Title 18, United

States Code, Section 1951, and the movement of articles and

commodities in such commerce, by robbery as that term is defined

in Title 18, United States Code, Section 1951, in that the

defendants  RAYMOND RIDELA and ARMOND JACKSON did unlawfully

attempt to take and obtain personal property consisting of cash

and pizza from the person and presence of a Magoo's delivery

driver, against his will by means of actual and threatened force,

violence, and fear of injury, immediate and future, to his

person.

DATED: _____May   16_____, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
RONALD G. JOHNSON
Assistant U.S. Attorney


_____
OMER G. POIRIER
Assistant U.S. Attorney


6

ORIGINAL

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

OCT 1 7 2003

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

UNITED STATES OF AMERICA

v.

RAYMOND RIDELA

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **1:02CR00201-001**

**Richard Kawana, Esq.**
Defendant's Attorney

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____
Deputy

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): <u>1 and 2 of the Superseding Indictment</u> .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

**Accordingly,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U. S. C. § 1951 | Interference of Commerce by threats or violence | 4/14/2002 | 1 |
| 18 U. S. C. § 1951 | Interference of Commerce by threats or violence | 3/24/2002 | 2 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) <u>remaining counts of the Superseding Indictment</u> (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        -4359

Defendant's Date of Birth:        1982

Defendant's USM No.:        88951-022

Defendant's Residence Address:
None

Defendant's Mailing Address:
None

September 22, 2003
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**LLOYD D. GEORGE,** United States District Judge
Name & Title of Judicial Officer

**REDACTED**    14 Oct. 2003
Date

AO 245B (Rev. 8/96)  Sheet 2 - Imprisonment

CASE NUMBER:        1:02CR00201-001                                      Judgment - Page 2 of 6
DEFENDANT:          RAYMOND RIDELA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 51 MONTHS .

This is a term of FIFTY-ONE MONTHS as to each of Counts 1 and 2 of the Superseding Indictment, all such terms to be served concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       1. Lompoc
       2. Terminal Island
       3. 500 Hours Comprehensive Drug Treatment Program
       4. Educational and Vocational Programs

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96)  Sheet 3 - Supervised Release

CASE NUMBER:        1:02CR00201-001                                          Judgment - Page 4  of 6
DEFENDANT:          RAYMOND RIDELA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 YEARS .

This is a term of THREE (3) YEARS as to each of Counts 1 and 2 of the Superseding Indictment, all such terms to be served concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]        The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]        The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96)  Sheet 3 - Supervised Release

CASE NUMBER:        1:02CR00201-001                                    Judgment - Page 4 of 6
DEFENDANT:          RAYMOND RIDELA

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:        1:02CR00201-001                                      Judgment - Page 5 of 6
DEFENDANT:          RAYMOND RIDELA

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|          | Assessment | Fine | Restitution |
|----------|-----------|------|-------------|
| Totals:  | $ 200.00  | $    | $           |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]  The interest requirement is waived.

[ ]  The interest requirement is modified as follows:

# RESTITUTION

[ ]  The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]  The court modifies or waives interest on restitution as follows:

[ ]  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
|               | TOTALS:  $ _____       | $_____                        |                              |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5. Part B - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00201-001                                    Judgment - Page 6 of 6
DEFENDANT:        RAYMOND RIDELA

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [✔]  in full immediately; or

B   [ ]   $ _ immediately, balance due (in accordance with C, D, or E); or

C   [ ]   not later than _ ; or

D   [ ]   in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   [ ]   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245B (Rev. 8/96) Sheet 1 — Judgment in a Criminal Case

C-GINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

OCT 1 7 2003

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

UNITED STATES OF AMERICA

v.

**RAYMOND RIDELA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:   1:02CR00201-001

Richard Kawana, Esq.
Defendant's Attorney

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By_____
Deputy

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): 1 and 2 of the Superseding Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U. S. C. § 1951 | Interference of Commerce by threats or violence | 4/14/2002 | 1 |
| 18 U. S. C. § 1951 | Interference of Commerce by threats or violence | 3/24/2002 | 2 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s)  ___  and is discharged as to such count(s).

[✔]   Count(s) remaining counts of the Superseding Indictment  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   **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**

Defendant's Date of Birth:   **10/13/1982**

Defendant's USM No.:   **88951-022**

Defendant's Residence Address:
None

Defendant's Mailing Address:
None

September 22, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

**LLOYD D. GEORGE, United States District Judge**
Name & Title of Judicial Officer

14 Oct. 2003
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By_____
Deputy

AO 245B (Rev. 8/96)  Sheet 2 - Imprisonment

CASE NUMBER:        1:02CR00201-001                                  Judgment - Page 2  of  6
DEFENDANT:          RAYMOND RIDELA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 51 MONTHS .

This is a term of FIFTY-ONE MONTHS as to each of Counts 1 and 2 of the Superseding Indictment, all such terms to be served concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       1. Lompoc
       2. Terminal Island
       3. 500 Hours Comprehensive Drug Treatment Program
       4. Educational and Vocational Programs

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____    to    _____

at _____ , with a certified copy of this judgment.


_____
                                          UNITED STATES MARSHAL


                             By    _____
                                          Deputy U.S.  Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

| CASE NUMBER: | 1:02CR00201-001 | Judgment - Page 4 of 6 |
| DEFENDANT: | RAYMOND RIDELA | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS** .

This is a term of THREE (3) YEARS as to each of Counts 1 and 2 of the Superseding Indictment, all such terms to be served concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96)  Sheet 3 - Supervised Release

CASE NUMBER:       1:02CR00201-001                                    Judgment - Page 4 of 6
DEFENDANT:         RAYMOND RIDELA

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at
   the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the
   Probation Office.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00201-001                                    Judgment - Page 5 of 6
DEFENDANT:        RAYMOND RIDELA

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|            | Assessment | Fine | Restitution |
|------------|------------|------|-------------|
| Totals:    | $ 200.00   | $    | $           |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   The interest requirement is waived.

    [ ]   The interest requirement is modified as follows:

# RESTITUTION

[ ]   The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]   The court modifies or waives interest on restitution as follows:

[ ]   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
|               | TOTALS:  $ _____       | $_____                        |                              |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95)  Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:        1:02CR00201-001                                   Judgment - Page 6 of 6
DEFENDANT:          RAYMOND RIDELA

# SCHEDULE OF PAYMENTS

   Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of
prosecution; (5) interest; (6) penalties.

   Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [✔] in full immediately; or

B   [ ]    $ _  immediately, balance due (in accordance with C, D, or E); or

C   [ ]   not later than _ ; or

D   [ ]   in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of
          criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S.
          probation officer shall pursue collection of the amount due, and shall request the court to establish a
          payment schedule if appropriate; or

E   [ ]   in _  (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _
          day(s) after the date of this judgment.


   Special instructions regarding the payment of criminal monetary penalties:


   [ ]   The defendant shall pay the cost of prosecution.


   [ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


   Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment,
payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary payments are to be made as
directed by the court, the probation officer, or the United States Attorney.

TERMED

# U.S. District Court
## District of Hawaii - CM/ECF V3.1.2 (12/07) (Hawaii)
## CRIMINAL DOCKET FOR CASE #: 1:02-cr-00201-DAE-1
### Internal Use Only

Case title: USA v. Ridela, et al                  Date Filed: 05/16/2002
Magistrate judge case number: 1:02-mj-00267       Date Terminated: 09/22/2003

Assigned to: Judge David Alan Ezra

**Defendant (1)**

**Raymond Ridela**                  represented by   **Richard S. Kawana**
*TERMINATED: 09/22/2003*                             4 S King St Ste 201
                                                     Honolulu, HI 96813
                                                     536-6805
                                                     Email: rskawana@prodigy.net
                                                     *TERMINATED: 09/22/2003*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: CJA Appointment*

**Pending Counts**                  **Disposition**

                                    Sentence as to Counts 1 and 2 of the
                                    Superseding Indictment- Imprisonment-
                                    51 months as to each count with both
                                    terms to be served concurrently. Court
                                    recommends- (1) Lompoc (2) Terminal
                                    Island (3) 500 Hours Comprehensive
                                    Drug Treatment Program (4) Ed
                                    ucational and Vocational Programs.
                                    Mittimus Forthwith. Supervised
                                    Release-3 Years as to each count with
                                    both terms to be served concurrently
                                    Special Conditions of Supervised
                                    Release- 1. That the defendant shall
                                    abide by the standard conditions of sup
                                    ervision. 2. That the defendant not
                                    commit any crimes, federal, state, or
ATTEST: A True Copy                 local (mandatory condition). 3. That the
SUE BEITIA                          defendant not possess illegal controlled
Clerk, United States District       substances (mandatory condition) 4.
Court, District of Hawaii           That the defendant shall refrain from
By
        Deputy

18:1951.F INTERFERENCE WITH
COMMERCE BY THREAT OR
VIOLENCE
(2s)

any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two drug tests thereafter, as directed by the Probation Office (mandatory condition). 5. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. 6. That the defendant is prohibited from possessing a firearm as defined in 18 U.S.C. 921. 7. That the defendant is prohibited from posse ssing any illegal or dangerous weapons. 8. That the defendant participate in a mental health program at the discretion and direction of the Probation Office. No Fine. Special Assessment-$200.00 ($100 per count). ***APRIL 5, 2005 REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH CONSENT OF THE OFFENDER - as to deft (01) Raymond Ridela, Conditions of Supervision modified as follows: (4) That the defendant shall submit to his person, residence, place of employment, vehicle, abode or other property, to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident or occupant that the premises or vehicle may be subject to search pursuant to this condition. (5) The defendant shall report tot he U.S. Probation Office all vehicle s owned or operated by the defendant or in which the defendant has an interest. (6) The defendant shall provide the U.S. Probation Office access to any requested financial information, including complete disclosure of personal and business financial records.

## Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1951.F INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1) | Dismissed, Counts superseded |
| 18:1951.F INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1s) | Sentence as to Counts 1 and 2 of the Superseding Indictment- Imprisonment- 51 months as to each count with both terms to be served concurrently. Court recommends- (1) Lompoc (2) Terminal Island (3) 500 Hours Comprehensive Drug Treatment Program (4) Ed ucational and Vocational Programs. Mittimus Forthwith. Supervised Release-3 Years as to each count with both terms to be served concurrently Special Conditions of Supervised Release- 1. That the defendant shall abide by the standard conditions of sup ervision. 2. That the defendant not commit any crimes, federal, state, or local (mandatory condition). 3. That the defendant not possess illegal controlled substances (mandatory condition) 4. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two drug tests thereafter, as directed by the Probation Office (mandatory condition). 5. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. 6. That the defendant is prohibited from possessing a firearm as defined in 18 U.S.C. 921. 7. That the defendant is prohibited from posse ssing any illegal or dangerous weapons. 8. That the defendant participate in a mental health program at the discretion and direction of the Probation Office. No Fine. Special Assessment-$200.00 ($100 per count). |