PROB 12C
(04/05)

April 25, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 MAY -1 PM 4:45

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Raymond RIDELA (English)    **Dkt No.:** 08-CR-7011-001-IEG
    Charged As: (same)

**Reg. No.:** 88951-022

**Name of Sentencing Judicial Officer:** The Honorable Lloyd D. George, U.S. District Judge, District of Hawaii. Upon transfer of jurisdiction to the Southern District of California, the case was assigned to The Honorable Irma E. Gonzalez, Chief U.S. District Judge.

**Date of Sentence:** September 22, 2003

**Original Offense:** Count One and Two, 18 U.S.C. § 1951, Interference of Commerce by Threats or Violence, Class C felonies.

**Sentence:** 51 months custody; 3 years supervised release. *(Special Conditions: drug/alcohol program; no firearms; mental health treatment.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** May 26, 2006

**Asst. U.S. Atty.:** Omar G. Poirier    **Defense Counsel:** Richard S. Kawana (Appointed)
    (808) 536-6805

**Prior Violation History:** On August 22, 2007, Transfer of Jurisdiction was requested due to the offender's arrest for possession of an access card in the Central District of California. On August 27, 2007, the Court concurred.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C

Name of Offender: Raymond RIDELA                                         April 25, 2008
Docket No.: 08-CR-7011-001-IEG                                                      Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |

**(Mandatory Condition)**
Not commit another federal, state, or local crime. *(nv1)*

1. On August 4, 2007, Mr. Ridela committed defraud-acquisition of an access card, in violation of Penal Code § 484E(D), as evidenced by his conviction in Los Angeles County, Superior Court Case No. BA326762.

2. On February 2, 2008, Mr. Ridela committed an attempted robbery in violation of § 664-211 of the Penal Code as evidenced by the Chula Vista Police Department arrest report No. 08-02418.

***Grounds for Revocation:*** As to allegation number one, I have read and reviewed the arrest report confirming the offender's non-compliance. On August 4, 2007, Mr. Ridela traveled to Los Angeles without permission of the probation officer where he was arrested by Los Angles Police Department. Officers noticed an SUV parked in the lot of a gas station with a t-shirt covering the rear license plate. When officers attempted to initiate a contact, the SUV had moved to one of the gas pumps and the front license plate of the SUV had a pair of plaid boxer shorts covering it. When the officers approached the vehicle, the driver exited the vehicle. There were three other passengers inside the vehicle. Officers searched passenger Jeanne Luna, the offender's girlfriend. She was found to possess multiple credit cards in the name of Alejandra Medina. When asked who the cards belonged to she did not reply. Inside the vehicle was a "Coach" purse, which contained a social security card and other items belonging to Alejandra Medina. Ms. Luna stated they had taken the purse from a vehicle that was parked in a parking lot with the window down. Inside the vehicle a 4 inch knife was found between the center console and radio. When officers spoke with the offender, he stated that they parked in a lot next to a Mercedes and Alvarado noticed the window was down and there was a purse inside. Andrew Alvarado (Ms. Luna's cousin), and Jorge Martinez (Alvardo's friend) removed the purse and handed it to Ms. Luna. They left the parking lot and discussed using the access card to obtain gas. Since he believed the gas station had surveillance cameras Mr. Ridela covered the front plate with his boxer shorts, and Ms. Luna covered the back plate with one of his shirts. Mr. Ridela refused to complete a statement.

On August 14, 2007, Mr. Ridela pled guilty in Superior Court of California, County of Los Angeles Case No. BA326762, and was sentenced to 180 days custody and three years summary probation. He was allowed to surrender for custody on September 17, 2007. Mr. Ridela was released from custody on December 6, 2007.

As to allegation number two, I have read and reviewed the arrest report confirming the offender's non-compliance. On April 2, 2008, the undersigned was contacted by Chula Vista Police Department Detective

Pene. He reported that Mr. Ridela was a suspect in an attempted robbery that occurred on February 2, 2008. On that date, at approximately 11:00 p.m., the offender and another suspect approached the victim as he was stepping outside of his vehicle in a fast food restaurant. Mr. Ridela asked the victim if he had "a smoke," and the victim indicated that he didn't smoke. The victim locked his car, and the offender again asked for a "smoke," and then asked, "Do you have any money?" When the victim said he did not, Mr. Ridela used both hands and began choking him for approximately 20 seconds. The victim indicated that he was barely able to breath. The offender was stating "Give me your money." The other suspect told the victim to "Be cool" and "do what he says." At that point, the car alarm went off and a car slowed down near them and he let the victim go. When the victim started walking away, the offender punched him in the face. The victim ran into Carl's Jr., where he called police. The detective could see the victim's face was red as well as both sides of his neck. The victim gave officers a description of the offender. An unknown witness came up to the victim, and asked what happened. The victim advised he was the victim of an attempted robbery. The witness told the victim that the subjects left in a White Ford Expedition with spinner type wheels. (It should be noted that the offender owns a White Ford Expedition with spinner type wheels.)

The officer investigating this incident remembered conducting a licence plate check on a vehicle matching the above description, and that Mr. Ridela was the registered owner. Officers went to the offender's residence and found him inside the Expedition, which was parked in front of his parents' residence. Officers contacted the victim to come to the residence to identify the offender. The victim was hesitant because he had consumed alcohol that evening (one beer and two shots of vodka), but appeared at the scene. According to officers, he did not appear intoxicated. The victim indicated that Mr. Ridela was not the suspect. (Therefore, believing there was insufficient evidence to sustain the violation, the incident was not alleged as violation behavior until now.) However, on March 31, 2008, police officers conducted a photo line-up consisting of the offender's photo and those of five other males. The victim immediately identified Mr. Ridela as the suspect that assaulted him. To date, the offender has not been arrested and no charges have been filed. However, the police detective advises these events should occur in the near future.

**(Standard Condition)**

| | | |
|---|---|---|
| Not leave the judicial district without permission of the court or the probation officer. *(nv6)* | 3. | On or before August 4, 2007, Mr. Ridela traveled to Los Angeles without permission as evidenced by his arrest and conviction for access card fraud in Los Angeles County, Superior Court Case No. BA326762. |

***Grounds for Revocation:*** On August 4, 2007, Mr. Ridela traveled to the Central District of California without the permission of the probation officer, where he was subsequently arrested on the above charges.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Had there not been a delay in the processing of the transfer of jurisdiction (which did not occur until February 29, 2008), the reporting of the August 2007 arrest would have occurred sooner.

Mr. Ridela has been supervised by the probation office in the Southern District of California since his release from custody on May 26, 2006.

Mr. Ridela's adjustment to supervision has been poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Ridela's is currently on supervised release for two counts of Interference of Commerce by Threats or Violence. These offenses involved a series of robberies of pizza delivery drivers (some at knife point). His adjustment on supervision has been poor, especially since he has once again engaged in a violent crime as alleged herein.

Shortly after his release from custody, in June 2006, the offender was evaluated by Mental Health Systems, Inc., pursuant to the mental health treatment condition ordered. The therapist opined that, "due to his observed stability, therapy is not currently recommended."

Although not alleged, it should be noted that On May 18, 2007, Mr. Ridela submitted a urine sample at Mental Health Systems, Inc., (MHS), which tested presumptively positive for cocaine. The offender denied any use of cocaine, but admitted to attending a party with his younger brother where cocaine was present. He also admitted to drinking a lot of alcohol on that night as well. Subsequently, the urine sample was confirmed negative by U.S. Pre-Trial Services Lab for all controlled substances. As a sanction, Mr. Ridela was instructed to attend one NA meeting per week for three months. Unfortunately, this sanction was not enforced as shortly thereafter, the offender was arrested in Los Angeles.

Throughout his supervision, Mr. Ridela maintained a stable residence with his parents in Bonita. Prior to his arrest in August 2007, the offender had maintained stable employment at All Pro Pools in Bonita as a laborer. Since his release from custody in December 2007, Mr. Ridela has been unable to secure employment. Although not alleged, on March 26, 2008, the offender was referred to Strive to attend a 4 week employment skills program commencing March 28, 2008. On March 27, 2008, Mr. Ridela left the undersigned a message indicating that he could not attend the intake appointment with Strive as he was having back problems, and could hardly walk.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

PROB 12C

| | |
|---|---:|
| Name of Offender: Raymond RIDELA | April 25, 2008 |
| Docket No.: 08-CR-7011-001-IEG | Page 5 |

As to each count: If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG § 7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves attempted robbery which constitutes a Grade A violation. USSG § 7B1.1(a)(1), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release). USSG § 7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) and USSG § 7B1.3(g)(2), p.s.

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB 12C

Name of Offender: Raymond RIDELA                                         April 25, 2008
Docket No.: 08-CR-7011-001-IEG                                                      Page 6

**RECOMMENDATION/JUSTIFICATION**

Mr. Ridela has been less than successful on supervision. It appears that 51 months in federal custody, and 180 days in state custody in Los Angeles County has not deterred the offender from his pattern of criminality. In the instant offense, the offender held three pizza delivery drivers at knife point for cash. It does not appear that supervision has made any impact on Mr. Ridela as his pattern of violent criminal conduct has continued, and he is certainly a danger to the community at large. If found in violation, it is recommended that supervised release be revoked and a mid-range sentence of 15 months custody be imposed, consecutive to any sentence he may be serving, followed by two 2 years supervised release with the same conditions as previously ordered.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: April 25, 2008

Respectfully submitted:                             Reviewed and approved:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____                  _____
Janice Rogers-Archie                                  Mary M. Murphy
United States Probation Officer                 Supervising U.S. Probation Officer
(619) 409-5114

# VIOLATION WORKSHEET

1. **Defendant:** RIDELA, Raymond

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-7011-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Attempted Robbery | A |
| Acquisition of an access card | B |
| Travel out of district without permission | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                         [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [ 12 - 18 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ Other _____

_____

_____          __4/29/08__
The Honorable Irma E. Gonzalez                Date
Chief U.S. District Judge

jra/jra

EOA